UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00123-TBR-LLK

JAMES A. MONROE,                                                    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,                    Defendant.

## MEMORANDUM OPINION AND ORDER

James A. Monroe brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision to deny his application for disability insurance benefits.  The Court referred Monroe's action for a report and recommendation regarding its appropriate disposition.  *See* 28 U.S.C. § 636(b)(1).  Subsequently, the Magistrate Judge recommended that the Court affirm the Commissioner's decision and dismiss Monroe's complaint.  Monroe objects to that course of action, arguing that the ALJ erred when she failed to discuss, or even mention, the medical opinions of a nontreating (but examining) source before deciding that he was not disabled within the meaning of the Social Security Act.  Having reviewed the record, the Court agrees.  Accordingly, the Court **REJECTS** the Magistrate Judge's Report and Recommendation, [R. 30], and **SUSTAINS** James A. Monroe's Objection, [R. 31].  The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion.

## I.

### A.

James A. Monroe, a United States Marine Corps veteran, applied for disability benefits on January 3, 2014.  [A.R. at 31.]  He claims that he has been unable to work

1

since September 17, 2013.  [*Id.*]  Monroe's alleged disabilities include degenerative disc disease, migraine headaches, obesity, traumatic brain injury, depression, and post-traumatic stress disorder.  [*Id.* at 33.]  The Social Security Administration denied Monroe's initial claim for disability insurance benefits on March 4, 2014, and, upon reconsideration, adhered to that decision.  [*Id.* at 31.]  Upon his request, Administrative Law Judge Marci P. Eaton held a hearing on May 9, 2014.  [*Id.*]  In addition to Monroe, the ALJ heard testimony from Dr. Tom L. Wagner, a psychological expert, and James B. Adams, a vocational expert.  [*Id.* at 64, 68.]

The ALJ denied Monroe's claim.  [*Id.* at 39.]  Using the traditional five-step evaluation for disability benefits, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ made the following findings.  First, the ALJ found that Monroe had not engaged in substantial gainful activity since the alleged onset date.  [A.R. at 33.]  Second, Monroe has several severe impairments, namely degenerative disc disease, migraine headaches, obesity, traumatic brain injury, depression, and post-traumatic stress disorder.  [*Id.*]  Third, the ALJ found that Monroe's impairments do not meet or equal one of the Commissioner's recognized impairments.  [*Id.* at 34.]  Fourth, Monroe retains the residual functional capacity to perform a range of sedentary work, although not any past relevant work.  [*Id.* at 34–38.]  Fifth, in light of his age, education, and work experience, Monroe is able to perform jobs that exist in significant numbers in the national economy.  [*Id.* at 38–39.]  The ALJ, therefore, determined that Monroe is not disabled within the meaning of the Social Security Act.  [*Id.* at 39.]

The Appeals Council declined to review the ALJ's decision on October 20, 2014.  [*Id.* at 10–13.]  Accordingly, the ALJ's denial became the final decision of the

Commissioner.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543–44 (6th Cir. 2004) (citing *Miles v. Chater*, 84 F.3d 1397, 1399 (11th Cir. 1996)).  Pursuant to 42 U.S.C. § 405(g), Monroe brought this action to obtain judicial review of the Commissioner's decision.  [*See* R. 1 (Complaint).]

## B.

The Court referred Monroe's action to Magistrate Judge Lanny King for a report and recommendation regarding its appropriate disposition.  *See* 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended that the Court affirm the Commissioner's decision and dismiss Monroe's complaint.  [*See* R. 30 at 6 (Report and Recommendation).] Monroe objects to that course of action.  [*See* R. 31 (Monroe's Objection).]  Despite enjoying the benefit of two extensions of time, the Commissioner has declined to respond to Monroe's objection.  [*See* R. 34 (Order of December 13, 2016); R. 35 (Order of December 13, 2016).]

## II.

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Its review of the Commissioner's determination is, of course, more deferential.  *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).  The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley*, 581 F.3d at 405–06).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lindsley v. Comm'r of Soc.*

*Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Even if supported by substantial evidence, however, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

In this case, Monroe argues that the ALJ erred when she failed to discuss, or even mention, the opinions of Dr. Krista Brooks-Horrar before deciding that he was not disabled within the meaning of the Social Security Act.  [*See* R. 24 at 12–15 (Monroe's Memorandum of Law).]  While conceding that the ALJ never addressed Dr. Brooks-Horrar's opinions, the Magistrate Judge held that the ALJ's failure was, at worst, harmless because her opinions were consistent with the ALJ's findings.  [*See* R. 30 at 2–3.]  Monroe takes issue with that conclusion, [*see* R. 31 at 2–4], and for good reason.

Under the Social Security Act, "the Commissioner determines whether a claimant is disabled," and, therefore, "entitled to benefits."  *Blakley*, 581 F.3d at 405 (citing 42 U.S.C. § 405(g)).  In evaluating a claimant's status, the Commissioner has instructed ALJs to consider all "medical opinions" offered in the claimant's case.  *See* 20 C.F.R. § 404.1527(b)–(c).  "Medical opinions" are statements from "acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairment.  *Id.* § 404.1527(a)(1).  The ultimate weight assigned to, and the depth of consideration of, those

opinions will depend on the classification of the source as nonexamining, nontreating (but examining), or treating.  *Id.* § 404.1502.

A nonexamining source is a "physician" or "other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case."  *Id.*  A nontreating (but examining) source has examined the claimant, "but does not have, or did not have, an ongoing treatment relationship" with the claimant.  *Id.*  A treating source, to whom the Commissioner affords the most deference, has not only examined the claimant, but also has "an ongoing treatment relationship" with him too.  *Id.*

If a medical opinion is from a "treating source," then the ALJ must "give good reasons" for accepting or rejecting that opinion.  *Id.* § 404.1527(c)(2).  The ALJ need not do the same for opinions from nontreating (but examining) and nonexamining sources.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875–76 (6th Cir. 2007).  Still, the Commissioner has advised ALJs to consider factors such as "the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty," to determine the weight of opinions from those sources.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d) (2009)).  If the ALJ fails to follow those regulations and that error "prejudices a claimant on the merits or deprives the claimant of a substantial right," the ALJ's decision will not be upheld.  *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

Here, Dr. Brooks-Horrar, a neurologist, examined Monroe on three occasions between January 2013 and April 2014 to evaluate the residuals of his traumatic brain injury, which he sustained while serving in Iraq in 2004. [A.R. at 399–427, 1019–33.] In 2013, Dr. Brooks-Horrar opined that Monroe suffered from migraine headaches as a result of his traumatic brain injury. [*Id.* at 407–09.] Although migraine headaches alone would not render Monroe "unemployable," Dr. Books-Horrar went on to conclude that Monroe would exhibit "occasional tardiness or absence" as a result. [*Id.* at 412; *see also id.* at 416.] One year later, Dr. Brooks-Horrar reevaluated Monroe's condition. [*Id.* at 1019–33.] Monroe reported suffering from migraine headaches once or twice a week, and four or five times in the month prior to his visit. [*Id.* at 1031.] The headaches were of such intensity that Monroe must lie down for around an hour before the pain subsides. [*Id.*] Based on Monroe's description, Dr. Brooks-Horrar opined: "[Monroe's] headaches with associated nausea and light sensitivity would cause absences or tardiness from both physical and sedentary occupations." [*Id.* at 1032–33.]

Monroe appears to concede, [*see* R. 31 at 3–4], and the Court agrees, that Dr. Brooks-Horrar qualifies as a nontreating (but examining) source, *see* 20 C.F.R. § 404.1502. Accordingly, the ALJ was not required to "give good reasons" for accepting or rejecting Dr. Brooks-Horrar's medical opinions. *See Smith*, 482 F.3d at 876. Still, the Commissioner's regulations obligated the ALJ to at least "consider" Dr. Brooks-Horrar's medical opinions. 20 C.F.R. § 404.1527(b) ("In determining whether [claimants] are disabled, we will always consider the medical opinions in [the] case record together with the rest of the relevant evidence we receive.").

6

Contrary to the Magistrate Judge's finding, [*see* R. 30 at 3–4], there is no indication that the ALJ considered Dr. Brooks-Horrar's medical opinions.  The ALJ made no mention of Dr. Brooks-Horrar's medical opinion in any portion of her decision.  [*See* A.R. at 31–40.]  In doing so, the ALJ failed to weigh Dr. Brooks-Horrar's opinion using the factors discussed in 20 C.F.R. § 404.1527(c).  Though the ALJ is not obligated to expressly provide "good reasons" for accepting or rejecting Dr. Brooks-Horrar's opinions, "it must be apparent from a fair reading of the [ALJ's] decision that the medical opinions of nontreating sources were at least considered."  *Borman v. Comm'r of Soc. Sec.*, No. 2:12-CV-509, 2013 WL 3394392, at *4 (S.D. Ohio July 8, 2013), *adopted by* 2013 WL 3935028 (S.D. Ohio July 30, 2013); *accord Jackson v. Comm'r of Soc. Sec.*, No. 2:14-CV-801, 2015 WL 5634671, at *6–9 (S.D. Ohio Sept. 25, 2015); *cf. Potts v. Astrue*, No. 3:07-CV-1284, 2009 WL 2168731, at *4–7 (M.D. Tenn. July 17, 2009). Here, it is not.

The ALJ's omission cannot be considered harmless error since it prejudiced Monroe "on the merits." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).  In the main, Dr. Brooks-Horrar's opinion is inconsistent with the ALJ's assessment of Monroe's residual functional capacity.  Dr. Brooks-Horrar opined:  "[Monroe's] headaches with associated nausea and light sensitivity would cause absences or tardiness from both physical and sedentary occupations."  [A.R. at 1032–33.]  However, the ALJ's discussion of Monroe's residual functional capacity includes no limitation responsive to Dr. Brooks-Horrar's above-quoted opinion.  The failure to consider that evidence cannot be considered harmless.

Due to that error, the Court will remand this action to the Social Security Administration.  Upon remand, the ALJ is instructed to consider Dr. Brooks-Horrar's opinion in accordance with the Commissioner's regulations.

## IV.

**IT IS HEREBY ORDERED** that the Court **REJECTS** the Magistrate Judge's Report and Recommendation, [R. 30], and **SUSTAINS** James A. Monroe's Objection, [R. 31].  The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion.

The Clerk of the Court is **DIRECTED** to close the above-captioned action.

**IT IS SO ORDERED**.

Date:

cc:      Counsel of Record

8